**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| SAILLY AIMME OCASIO ARROYO<br>**PETITIONER,**<br>v.<br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES; **NATALIA FIGUEROA** in her official capacity; DIRECTOR, SAN JUAN FIELD OFFICE, in his or her official capacity; **KIKA SCOTT,** DIRECTOR, MIAMI DISTRICT (DISTRICT 9), in his or her official capacity; **JOSEPH EDLOW**, in his official capacity as Director, U.S. Citizenship and Immigration Services; and **MARKWAYNE MULLIN** in his official capacity as the Secretary of the U.S. Department of Homeland Security,<br>**RESPONDENTS**, | Civil Case No.: _______________<br>Agency No.: A246-607-294 |

## PETITION FOR WRIT OF MANDAMUS AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

TO THE HONORABLE COURT:

COMES NOW, Petitioner SAILLY AIMME OCASIO ARROYO, through her undersigned attorney, and respectfully states and prays:

## I. INTRODUCTION

1. Petitioner Sailly Aimme Ocasio Arroyo is a United States citizen born in Puerto Rico. **(Attachment 1)** On July 23, 2026, she married Mr. Deuris Alexis Medina Arias (A246-607-294), a citizen of the Dominican Republic, **(Attachment 2)** in Providence, Rhode Island. **(Attachment 3)**

2. On October 12, 2026, Petitioner filed a Form I-130, Petition for Alien Relative, on behalf of her husband so that he may obtain lawful permanent resident status in the United States. **(Attachment 4)**

3. The Respondents have delayed the adjudication of the immigration petition (I-130) to the prejudice of the Petitioner.

4. The Department of Homeland Security (DHS) placed Mr. Medina Arias in removal proceedings. **(Attachment 5)** His case is now pending before the Chelmsford Immigration Court, which has set a master calendar hearing for December 31, 2026. **(Attachment 6)** The Immigration Judge has no authority to adjudicate the I-130. Without a decision on the petition, Mr. Medina Arias has no basis to ask the Immigration Court to pause his case while he pursues an immigrant visa as the immediate relative of a United States citizen. If the Immigration Court orders him removed first, he will lose that opportunity.

5. Absent an order compelling adjudication, the Petitioner will continue to suffer prejudice from the Respondents' delay. If the Immigration Court orders her husband removed before USCIS acts, that prejudice becomes permanent.

## II. JURISDICTION

6. This action is brought against the Respondents, and those acting under them, for refusing to comply with their federally mandated duties under the Immigration and Nationality Act of 1952 (INA), Pub. L. No. 82-414, 66 Stat. 163 (codified as amended at 8 U.S.C. §§ 1101 et seq.); the federal mandamus statute, 28 U.S.C. § 1361;

the Administrative Procedure Act (APA), 5 U.S.C. §§ 551, 555(b), 701, et seq.; and for violation of the due process guaranteed by the Fifth Amendment.

7. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question). This Court may grant relief pursuant to 5 U.S.C. §§ 702, 706 (judicial review of agency action); 28 U.S.C. § 1651 (the All-Writs Act); the federal mandamus statute, 28 U.S.C. § 1361; and 28 U.S.C. §§ 2201-02 (the Declaratory Judgment Act). The jurisdiction-limiting provisions of the INA do not apply. Section 1252(a)(2)(B)(ii) bars review only of decisions the statute commits to agency discretion, and while the outcome of a petition may be discretionary, "the *pacing* of such a decision is not so specified." *Tang v. Chertoff*, 493 F. Supp. 2d 148, 154 (D. Mass. 2007); *see also Sandoval v. Robinson*, No. 1:26CV00029, 2026 WL 1799692, at *6 (W.D. Va. June 23, 2026) (delay in adjudicating immigration forms is not a "decision or action" under § 1252(a)(2)(B)). Section 1252(g) reaches only the decision to commence proceedings, adjudicate cases, or execute removal orders, and has no application to a claim that USCIS has unreasonably delayed adjudicating a pending petition. *Quichimbo Sumba v. Edlow*, 820 F. Supp. 3d 106, 109 (D. Mass. 2026).

## III. VENUE

8. Venue is proper in the District of Puerto Rico under 28 U.S.C. § 1391(e)(1)(C). Respondents are an agency of the United States and officers of the United States sued in their official capacities, Petitioner resides in this district, and no real property is involved in this action.

## IV. PARTIES

9. Petitioner Ms. Ocasio Arroyo is a United States citizen who lives in Las Piedras, Puerto Rico. She is the petitioner in the immigration petition that is the subject of this action.

10. Respondent U.S. Citizenship and Immigration Services (USCIS) is an agency of the U.S. Department of Homeland Security and is responsible for the adjudication of affirmative applications for immigration benefits, including the I-130 immigration petition that is the subject of this action. USCIS is responsible for the legal wrongs committed against the Petitioner.

11. Respondent Natalia Figueroa is the Director of the USCIS San Juan Field Office, and she is sued in her official capacity. The San Juan Field Office has jurisdiction over Petitioner's place of residence. In this capacity, the Director has supervisory authority over all operations of the USCIS San Juan Field Office, which is responsible for the legal wrongs committed against the Petitioner.

13. Respondent Director, Kika Scott is the director of the USCIS Miami District (District 9) and sued in her official capacity. The Miami District has jurisdiction over the USCIS San Juan Field Office. In this capacity, the Director has supervisory authority over all operations of the USCIS San Juan Field Office, which is responsible for the legal wrongs committed against the Petitioner.

14. Director Joseph Edlow is sued in his official capacity as the Director of U.S. Citizenship and Immigration Services (USCIS). He has supervisory authority over

the preceding respondents and is also responsible for the legal wrongs committed against the Petitioner.

15. Secretary Markwayne Mullin is sued in his official capacity as the Secretary of the U.S. Department of Homeland Security (DHS), which is responsible for the enforcement of the immigration laws. Because the preceding respondents are agents of DHS, Secretary Mullin is also responsible for the legal wrongs committed against the Petitioner.

## V. EXHAUSTION OF REMEDIES

16. No statute or regulation provides an administrative remedy for USCIS's failure to adjudicate a pending I-130 within a reasonable time. Petitioner has no administrative remedy to exhaust.

## VI. FACTUAL ALLEGATIONS

17. Petitioner is a United States citizen and resident of Puerto Rico. **(Attachment 1)**

18. Petitioner is married to Deuris Alexis Medina Arias (A246-607-294), who is a citizen of the Dominican Republic. **(Attachment 2 & 3)**

19. Petitioner's relationship with her husband is bona fide. They live together in Las Piedras, Puerto Rico.

20. On October 12, 2026, Petitioner filed with the Respondents a Form I-130, Petition for Alien Relative, on behalf of her husband, together with the $625 filing fee. USCIS assigned the petition receipt number IOE9653924442 and classified it as

a petition for the husband or wife of a United States citizen under section 201(b) of the INA. **(Attachment 4)**

21. The petition packet included sufficient evidence for approval, including evidence that the marriage is bona fide. Because the marriage took place while removal proceedings were pending, the petition also requests the bona fide marriage exemption under 8 U.S.C. §§ 1154(g) and 1255(e)(3).

22. USCIS has not interviewed Petitioner and her husband to investigate the bona fide nature of their relationship.

23. Respondents have not requested any further documentary evidence from the Petitioner regarding the bona fides of the relationship.

24. Petitioner's husband is an “immediate relative” under 8 U.S.C. § 1151(b)(2)(A)(i), which includes the spouse of a United States citizen. Immediate relatives are not subject to the worldwide levels or numerical limitations of 8 U.S.C. § 1151(a). An immigrant visa therefore becomes immediately available to Mr. Medina Arias upon approval of the I-130. No visa backlog or priority date stands between approval and his eligibility for an immigrant visa.

25. DHS alleges that Mr. Medina Arias entered the United States on or about January 22, 2023. After an asylum officer found that he had demonstrated a credible fear of persecution or torture, DHS issued a Notice to Appear dated April 7, 2023, placing him in removal proceedings under 8 U.S.C. § 1229a. **(Attachment 5)**

26. Petitioner's I-130 remains pending before USCIS. USCIS's own receipt notice states that USCIS “processes I-130 forms in time not to delay relatives' ability to take

the next step toward permanent residence once a visa number does become available." **(Attachment 4)** For an immediate relative, a visa number is available now.

27. Petitioner married Mr. Medina Arias on July 23, 2026, while his removal proceedings were pending. As a result, 8 U.S.C. § 1154(g) bars approval of the I-130 unless the petitioner establishes the bona fide marriage exemption. The exemption requires clear and convincing evidence that the marriage was entered into in good faith, in accordance with the law of the place where it took place, and not for the purpose of procuring an immigration benefit. 8 U.S.C. § 1255(e)(3). Petitioner's marriage meets that standard. Only USCIS can adjudicate the I-130, including the exemption request. Immigration Judges "have no jurisdiction to decide visa petitions." *Matter of Aurelio*, 19 I&N Dec. 458, 460 (BIA 1987); *see also Matter of Perez-Vargas*, 23 I&N Dec. 829, 831 (BIA 2005) (quoting *Aurelio*), *vacated sub nom. Perez-Vargas v. Gonzales*, 478 F.3d 191 (4th Cir. 2007); 8 C.F.R. §§ 204.1, 1003.1(b)(5).

28. Petitioner respectfully alleges that USCIS is unreasonably delaying the adjudication of the petition she filed.

29. DHS charges that Mr. Medina Arias was not admitted or paroled. His path to lawful permanent residence as the immediate relative of a United States citizen therefore runs through an immigrant visa issued abroad. Before he departs, he may apply for a provisional unlawful presence waiver on Form I-601A, based on extreme hardship to his United States citizen wife. 8 U.S.C. § 1182(a)(9)(B)(v); 8 C.F.R. § 212.7(e). An approved immediate relative petition is a prerequisite to that waiver. 8

C.F.R. § 212.7(e)(3). A noncitizen in removal proceedings is ineligible for the waiver unless the proceedings are administratively closed and have not been recalendared. 8 C.F.R. § 212.7(e)(4)(iii); *see Matter of Cruz-Valdez*, 28 I&N Dec. 326, 327-28 (A.G. 2021) (respondent sought administrative closure to file Form I-601A).

30. The Immigration Court has set a master calendar hearing for December 31, 2026. **(Attachment 6)** Without a decided I-130, Mr. Medina Arias has no basis to ask the Immigration Judge to pause his case so he can pursue the provisional waiver and an immigrant visa, whether through a continuance to await approval of a prima facie approvable petition, *see Matter of Hashmi*, 24 I&N Dec. 785, 790 (BIA 2009); *Matter of L-A-B-R-*, 27 I&N Dec. 405, 412 (A.G. 2018), or through administrative closure, *see Cruz-Valdez*, 28 I&N Dec. at 328-29. *Cruz-Valdez* remains in effect. A 2026 judgment vacated the 2024 regulation that codified administrative closure, but that judgment reached the regulation, not the Attorney General's precedent. *See Texas v. Dep't of Just.*, No. 7:26-cv-00070-O, 2026 WL 1803245 (N.D. Tex. June 22, 2026); *J.O.P. v. U.S. Dep't of Homeland Sec.*, No. CV SAG-19-01944, 2026 WL 3071704, at *5 (D. Md. Oct. 14, 2026). If the Immigration Judge orders him removed, he will lose the opportunity to seek the provisional waiver, 8 C.F.R. § 212.7(e)(4)(iv), and become inadmissible for ten years after removal, 8 U.S.C. § 1182(a)(9)(A)(ii). The delay will not merely postpone relief. It will extinguish it, even though Petitioner is a United States citizen and her husband is an immediate relative for whom a visa is immediately available.

31. Petitioner Sailly Aimme Ocasio Arroyo has been prejudiced because of the ongoing uncertainty and worry she is suffering with regard to whether her husband will be allowed to remain united with her in the United States.

32. If USCIS adjudicates and approves the I-130, Mr. Medina Arias can present the approval to the Immigration Court, ask the court to pause his proceedings, and pursue the provisional waiver and an immigrant visa.

## VII. CAUSE OF ACTION:
PETITION FILED ON BEHALF OF MR. MEDINA ARIAS

33. The allegations in paragraphs 1-32 are realleged and incorporated herein.

34. The actions of the Respondents have caused unlawful, unreasonable delay in the adjudication of the petition, and constitute an unlawful, unreasonable failure to adjudicate the petition, in violation of the APA, the INA, and the Code of Federal Regulations, and deny the Petitioner the due process guaranteed by the Fifth Amendment. *See* 5 U.S.C. § 555(b) ("With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."); 5 U.S.C. § 706(1) (the reviewing court shall "compel agency action unlawfully withheld or unreasonably delayed"). Once USCIS determines that the facts stated in the petition are true and that the beneficiary is an immediate relative, it "shall" approve the petition. 8 U.S.C. § 1154(b). A petition filed during removal proceedings must be decided, and the petitioner "shall be notified in writing of the decision." 8 C.F.R. § 204.2(a)(1)(iii)(C). USCIS may have discretion over the outcome, but it has no discretion to decline to

decide. *See Sutton v. Napolitano*, 986 F. Supp. 2d 948, 960 (W.D. Wis. 2013); *Tang*, 493 F. Supp. 2d at 150 ("[t]he duty to act is no duty at all if the deadline is eternity").

35. The delay is unreasonable under the factors in *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984) ("*TRAC*"), which the First Circuit applies to claims of unreasonable agency delay. *See Towns of Wellesley, Concord & Norwood v. FERC*, 829 F.2d 275, 277 (1st Cir. 1987). USCIS has held the petition only since October 12, 2026. Petitioner does not contend that this period is unreasonable in itself. The *TRAC* inquiry, however, turns on the prejudice the delay inflicts, not on elapsed time alone, and here the third and fifth factors are decisive. Mr. Medina Arias faces a master calendar hearing on December 31, 2026, at which a removal order may issue. A removal order would trigger the ten-year bar of 8 U.S.C. § 1182(a)(9)(A)(ii) and end his ability to pursue the provisional waiver and consular processing. Losing a benefit of this kind before the agency acts "amounts to irreparable harm." *R.O.A. v. Edlow*, 805 F. Supp. 3d 565, 576 (D. Vt. 2025). An allegation of imminent removal sets a petitioner apart from the ordinary applicant, so that the third and fifth factors weigh in favor of a finding of unreasonable delay. *Queiroz Gomes v. Bondi*, No. 25-CV-11964-ADB, 2026 WL 1815445, at *5 (D. Mass. June 24, 2026). For the same reason, the fourth factor does not cut against relief. An applicant facing imminent removal is "arguably of higher priority," so expediting review in his case "would not have a negative impact on other high priority cases." *R.O.A.*, 805 F. Supp. 3d at 578. As to the first and second factors, Congress has stated its sense that benefit applications be processed within 180 days, 8 U.S.C. § 1571(b),

and USCIS states that it processes I-130 petitions in time not to delay the beneficiary's next step toward permanent residence. Here that next step is at hand: a visa is immediately available, and the hearing date is a hard deadline after which the opportunity the petition protects disappears. Courts have sustained delay claims on these grounds even where the delay "ordinarily would not be considered unreasonable," because the petitioner made a showing of imminent harm. *Byrne v. Noem*, No. CV 25-1077, 2025 WL 2414159, at *5 (E.D. Pa. Aug. 20, 2025) (T visa). Petitioner need not show bad faith. At a minimum, the reasonableness of the delay is a fact-intensive question that cannot be resolved on the pleadings, because the workings of the adjudication process are known only to the agency. *See Barrios Garcia v. U.S. Dep't of Homeland Sec.*, 25 F.4th 430, 453 (6th Cir. 2022); *Tasneem v. Stufft*, No. CV 25-30072-MGM, 2026 WL 905311, at *11 (D. Mass. Mar. 31, 2026) (consular processing).

36. Alternatively, and to the extent the Court finds that the APA does not provide an adequate remedy, the Petitioner is entitled to mandamus relief to compel an adjudication of the petition filed on behalf of her husband because: (1) the Respondents have a nondiscretionary, ministerial, clear duty to adjudicate the I-130; (2) the Petitioner has a clear right to an adjudication of the petition (I-130) within a reasonable time; and (3) there is no other adequate remedy available to the Petitioner.

## VIII. PRAYER FOR RELIEF

WHEREFORE, the Petitioner prays that this Honorable Court grants the following reliefs:

(a) Assume jurisdiction over this matter;

(b) Declare that the Respondents have unreasonably delayed, and have unreasonably failed to complete, the adjudication of Petitioner's I-130 petition, including her request for the bona fide marriage exemption;

(c) Order the Respondents to adjudicate, and issue a written decision on, the I-130 petition that Petitioner Sailly Aimme Ocasio Arroyo filed on behalf of her husband, including her request for the bona fide marriage exemption, within fourteen (14) days of the Court's order, and in any event before December 31, 2026, or within such other period as the Court deems just;

(d) Retain jurisdiction over this case to ensure compliance with all of this Court's orders;

(e) Award reasonable attorney fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412; and

(f) Grant such other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED.

IN SAN JUAN, PUERTO RICO, NOVEMBER 9, 2026

s/ Raymond L. Sánchez-Maceira
Raymond L. Sánchez-Maceira, Esq.
USDC: 211405
PO BOX 191972
SAN JUAN, PR 00919
TEL 787-721-3370/ FAX 787-721-4706
sanchezlaw264@gmail.com
Counsel for Petitioner

## VERIFICATION PURSUANT TO 28 U.S.C. § 1746

I, Raymond L. Sánchez-Maceira, am counsel for Petitioner. I have read the foregoing Petition. The factual statements in it are based on my review of the immigration records in my file and on information provided by Petitioner and her husband. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 9, 2026, in San Juan, Puerto Rico.

s/ Raymond L. Sánchez-Maceira
USDC: 211405